UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DWIGHT HARRIS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 2:13-cv-06574 |
| JEFFERSON PARISH CORRECTIONAL CENTER, <u>ET AL.</u> | * | SEC C (5) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Dwight Harris, through undersigned appointed counsel, hereby files this First Amended Complaint against the above-named defendants.  This Amended Complaint adds Sheriff Newell Normand as a defendant and dismisses claims against certain individuals and non-existent entities that were sued by the plaintiff acting pro se.

## I.     JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.  Plaintiff also invokes supplemental jurisdiction over claims under state constitutional and statutory law.

## II.     PARTIES

### (Plaintiff)

2.      **DWIGHT HARRIS** is an adult citizen of the State of Louisiana residing in the Eastern District.

### (Defendants)

**Named defendants herein are:**

1

3.      **NEWELL NORMAND**, in his individual and official capacity as Sheriff of Jefferson Parish, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.  At all times described herein, he was the Sheriff of Jefferson Parish and, as such, was responsible for the hiring, training, supervision, discipline, and control of the deputies under his command.  He was responsible for all actions of Jefferson Parish Sheriff's Office ("JPSO") staff.   He was also responsible for the supervision, administration, policies, practices, customs, and operations of the JPSO and its correctional facilities.  He was and is a final policy maker.  He is liable both directly and vicariously for the actions complained of herein.

4.      **JPSO LT. CARTER,** in his individual capacity as a Jefferson Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.  At all pertinent times, defendant **CARTER** was employed by defendant **NORMAND** as a correctional officer and was acting under color of law.

5.      **JPSO SGT. LEE** , in his individual capacity as a Jefferson Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.  At all pertinent times, defendant **LEE** was employed by defendant **NORMAND** as a correctional officer and was acting under color of law.

6.      **JPSO DEPUTY T. SINGLETON,** in his individual capacity as a Jefferson Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.  At all pertinent times, defendant **SINGLETON** was employed by defendant **NORMAND** as a correctional officer and was acting under color of law.

### III.    FACTUAL ALLEGATIONS

7.     On October 8, 2013, the plaintiff, **DWIGHT HARRIS**, was an inmate at the Jefferson Parish Correctional Center, a facility under the authority and control of defendant **NORMAND**.  Shortly before his incarceration, the plaintiff had undergone surgery to have a renal stint placed in his kidneys to treat chronic kidney stones.  The plaintiff was still recovering from this surgery on October 8, 2013.

8.     On that day, the plaintiff slipped and fell on unknown liquid at the jail.  Because of his medical conditions, he was unable to get up off the floor.  The plaintiff lay on the floor of the jail unable to move himself, and because of his recent surgery he immediately lost control of his bladder.

9.     Defendant **LT. CARTER**, who was the ranking JPSO deputy on duty, came onto the pod at that time.  Although he brought a wheelchair and two nurses with him**, LT. CARTER** would not help the plaintiff off the floor and into the wheelchair.  He also would not let anyone else, either the nurses or the other inmates, assist the plaintiff into the wheelchair.

10.    The plaintiff was not able to get off the floor on his own because of his medical condition.  **LT. CARTER** left him on the floor for the next 3 ½ hours.  During this time, the plaintiff lost control of his bladder several more times.  The staff at the JPSO correctional center would not assist him despite his obvious medical distress.

11.    Later that evening, defendant **SGT. LEE** came onto the pod and approached the plaintiff.  **SGT. LEE** began smacking the plaintiff violently while he lay helpless on the floor.  **SGT. LEE** started ordering the plaintiff to get up and telling him "ain't nothing wrong with you."  **SGT. LEE** would not assist the plaintiff off the floor and would not allow any inmates to assist the plaintiff.  Consequently, the plaintiff lay on the floor in a

puddle of urine for an additional 2 ½ hours.  During this time, jail staff, including **SGT. LEE**, yelled at and humiliated the plaintiff because of his condition.

12.    Finally, after many hours on the ground, jail staff assisted the plaintiff into a wheelchair and to a shower.  He was taken to a holding cell on the second floor of the jail.

13.    The following morning, defendant **DEP. SINGLETON** came to the holding cell to move the plaintiff back to the tier.  The plaintiff informed the officer that he needed to see the jail medical doctor because of the injuries received the previous night.  However, instead of taking the plaintiff to the doctor for his serious medical needs, **DEP. SINGLETON** punched the plaintiff in the ribs with a pair of handcuffs and started to drag him across the floor.  **DEP. SINGLETON** continued dragging the plaintiff until additional officers arrived, ordered him to stop, and placed the plaintiff in a wheelchair.

14.    The next day, the plaintiff was attacked by another inmate.  During the attack, the other inmate stated, "This is from Singleton" as he struck the plaintiff.  On information and belief, this attack was arranged by **DEP. SINGLETON** because of his interaction with the plaintiff on the previous day.

15.    The defendant, Sheriff **NEWELL NORMAND**, has developed and maintained policies and/or customs exhibiting deliberate indifference to the Fourth, Eighth, and Fourteenth Amendment rights of persons in the Jefferson Parish Correctional Center, which deliberate indifference caused the violation of plaintiff's rights.

16.    For example, at all times relevant to this suit, it was the policy and/or custom of the defendant, Sheriff **NEWELL NORMAND** to inadequately and improperly

4

investigate complaints against sheriff deputies using excessive and/or abusive force. Acts of misconduct were instead tolerated by the defendant, Sheriff **NEWELL NORMAND.**

17. At all times relevant to this suit, it was the policy and/or custom of the defendant, Sheriff **NEWELL NORMAND**, to inadequately supervise and train his deputies, including the defendant deputies, thereby failing to discourage further constitutional violations on the part of deputies.

18. At all times relevant to this suit, it was the policy and/or custom of the defendant, Sheriff **NEWELL NORMAND**, to inadequately respond to instances of excessive or punitive force by deputies.

19. The defendant, Sheriff **NEWELL NORMAND**, knew or should have known of prior acts of excessive force on the part of the defendant deputies in this case. Sheriff **NEWELL NORMAND** ignored these prior incidents and hired and/or retained these defendants nonetheless. In the alternative, the defendant, Sheriff **NEWELL NORMAND**, negligently hired and retained the individually named defendants in this case.

20. As a result of the above-described policies and customs, deputies of Sheriff **NORMAND**, including the defendant deputies, knew that their actions would not be properly monitored by supervisory deputies and that misconduct would be tolerated rather than investigated and/or punished.

21. The above-described policies and customs demonstrate deliberate indifference on the part of the policy maker, Sheriff **NORMAND**, to the constitutional rights of persons within Jefferson Parish, and to the plaintiff in this case. This deliberate indifference was a cause of the violation of the plaintiff's rights alleged herein.

22.     The defendant, Sheriff **NORMAND**, is liable to the plaintiff for damages as a result of his failure to properly supervise the individually named defendants herein.

23.     The defendant, Sheriff **NORMAND**, knew or should have known of the violent propensities and/or misconduct and/or dereliction of duties of the individually named defendant deputies in this case.  Yet, defendant **NORMAND** ignored these violent propensities and previous acts of misconduct and hired them and/or retained them and failed to supervise them properly.

24.     The defendant, Sheriff **NEWELL NORMAND**, by his failure to properly supervise the individually named defendants, condoned, ratified, and encouraged the defendant deputies misconduct towards the plaintiff.  These actions and/or failures on the part of the defendant, Sheriff **NORMAND**, constitute gross negligence in supervising subordinates and show a deliberate indifference toward the constitutional rights of the plaintiff in this case.

25.     All of the defendants are liable to the plaintiff for punitive damages.

26.     All of the defendants are liable jointly, severally, and in solido for the plaintiff's injuries.

27.     The defendants' actions as stated herein were intentional, reckless, willful, wanton, and/or malicious.  In the alternative, all defendants' actions as described herein were taken with deliberate indifference to risk of serious bodily harm to the plaintiff and to his serious medical needs.  In the further alternative, all defendants' actions failed to meet the applicable standard of care, were negligent, and breached the duty of care owed to the plaintiff.

28.     Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the plaintiff's rights described herein, but failed to do so.

29.     The plaintiff's injuries were solely and proximately caused by the intentional, reckless, and/or negligent acts of the defendants as previously described.

## IV.    CAUSES OF ACTION

30.     **Constitutional Violations**.  The actions of the individually named defendant deputies violated the plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizure.  Additionally, the actions of these defendants violated Mr. Harris's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and his right to due process under law.  Finally, defendants' attempts to cover up their misconduct towards the plaintiff violated the plaintiff's rights under the Fourteenth Amendment.  The defendant deputies acted under color of state law when they violated the plaintiff's rights.

31.     **State Law Torts**.  The individually named defendants also committed the state law torts of assault, battery, and intentional infliction of emotional distress against the plaintiff.  Further, the individually named defendants were negligent with regard to the plaintiff as described herein.

32.     **Constitutional Claim Against Defendant NORMAND.**  The above-described policies and/or customs of defendant, Sheriff **NEWELL NORMAND**, show his deliberate indifference to the plaintiff's constitutional rights and directly contributed to the violations of the plaintiff's rights alleged in this Amended Complaint.  Additionally, defendant **NORMAND** was deliberately indifferent to the medical needs of detainees like the plaintiff.  Furthermore, defendant **NORMAND** was aware of the violent

propensities and/or misconduct of the individually named defendants in this case, but nevertheless hired them and/or retained them.  He also encouraged and/or condoned their misconduct by failing to conduct proper investigations into deputies' misconduct and/or by failing to enforce proper discipline after misconduct was discovered.  Defendant **NORMAND** is therefore liable to the plaintiff for the constitutional violations the plaintiff suffered at the hands of the individually named defendants.

33.     **State law Torts Against Defendant NORMAND.**  At all times relevant hereto, the individually named defendants were acting within the course and scope of their employment with defendant, Sheriff **NEWELL NORMAND**.  Therefore, the doctrine of respondeat superior applies for all state-law torts and negligence alleged in this Complaint and defendant **NORMAND** is liable to the plaintiff for the tortious acts and negligence of his employees.

34.     **Attorney Fees/Cost.**  In addition to damages, the plaintiff seeks attorneys' fees and costs associated with this suit, as provided in 42 U.S.C. § 1988.

        **WHEREFORE,** the plaintiff, **DWIGHT HARRIS**, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims, and after due proceedings are had there be a judgment in his favor and against defendants, **SHERIFF NEWELL NORMAND, JPSO DEP. LT. CARTER, JPSO SGT. LEE,** and **JPSO DEPUTY T. SINGLETON,** holding them liable jointly, severally, and in solido for all compensatory, special, and punitive damages alleged herein, together with judicial interest, for all attorneys' fees, and that the defendants bear

all costs of these proceedings, and for all further legal, equitable, and general relief

available.


Respectfully submitted,


/s/ Stephen J. Haedicke


_____
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Offices of Stephen J. Haedicke, LLC
639 Loyola Ave. #1820
New Orleans, LA  70113
(504)525-1328 Telephone
(504)910-2659 Fax
haedickelaw@gmail.com


**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2014 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

s/Stephen Haedicke


9